5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest D. DUNBAR, Defendant-Appellant.
 No. 93-15160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-92-00777-PMP, Phillip M. Pro, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm the denial of Ernest D. Dunbar's Petition for Habeas Corpus under 28 U.S.C. Sec. 2255, which was brought in connection with Dunbar's conviction, following a guilty plea, for possession of an unregistered machine gun.
 
 
 3
 Dunbar argues that his guilty plea should be vacated because the police violated the Fourth Amendment in seizing his machine gun. Since he failed to raise this in his underlying criminal case or on direct appeal, Dunbar has waived this argument. United States v. Hearst, 638 F.2d 1190, 1197 (9th Cir.1980).
 
 
 4
 Dunbar next argues that he was denied effective assistance of counsel because his counsel advised him to plead guilty even though, according to Dunbar, the machine gun was inadmissible. Since he plead guilty, Dunbar must establish the following to show ineffective assistance of counsel: that his plea was involuntary because his attorney's conduct fell below the standard reasonably demanded of an attorney in criminal cases, and that there is a reasonable probability that, but for counsel's errors, Dunbar would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Dunbar fails to establish either requirement.
 
 
 5
 Dunbar's attorney was not unreasonable in failing to challenge the seizure of the machine gun. Dunbar's attorney negotiated a favorable plea bargain resulting in a sentence that runs concurrent to Dunbar's sentence for sexual abuse and felon in possession. Recommending that Dunbar accept this plea bargain was not so unreasonable as to contradict the broad presumption that counsel did render adequate assistance. Strickland v. Washington, 466 U.S. 668, 690 (1984). This is particularly true in light of the doubtful nature of Dunbar's Fourth Amendment argument. Dunbar argues that the seizure of the machine gun was inappropriate because there was no nexus between the warrant and the gun. In Horton v. California, 496 U.S. 128 (1990), the Supreme Court held that the Fourth Amendment did not prohibit the seizure of items not listed in a warrant, provided that those items are found in plain view during the course of a lawful search, and that it is "immediately apparent" to the arresting officers that the item is of an incriminating nature. Id. at 136-37.
 
 
 6
 When they discovered the machine gun, the officers were conducting a lawful search warrant which authorized the police to search for "student lists, business records, and class schedures," and for "articles of personal property, including, but not limited to, utility company receipts, photographs, rental agreements, and rental receipts." [SER 18] This warrant clearly allowed the police to search Dunbar's closet, in which the machine gun was found. Once the gun was found, it was immediately apparant to police that the gun was evidence of a crime. The gun did not have a required federal stamp, and the arresting officer's report indicated that Dunbar himself admitted to the officers that the gun was an unregistered automatic weapon. [ER POLICE REPORT] Furthermore, the arresting officer discovered a host of other weapons (including a .38 revolver, a .357 loaded revolver, an automatic German luger, a .22 revolver, a semi-automatic pistol, six rifles, and ammunition for the automatic machine gun) and papers indicating that Dunbar had a prior felony conviction. In light of these circumstances, Dunbar's Fourth Amendment argument did not have a "reasonable probability" of preventing him from pleading guilty.
 
 
 7
 Dunbar next argues that the district court should have conducted an evidentiary hearing. In light of our decision on the merits, an evidentiary hearing would have been unnecessary.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3